Gemini Realty LLC v Miller (2025 NY Slip Op 51533(U))

[*1]

Gemini Realty LLC v Miller

2025 NY Slip Op 51533(U)

Decided on September 29, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 29, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570905/24

Gemini Realty LLC, Petitioner-Respondent,
against
David Miller, Respondent-Appellant.

Respondent David Miller appeals from (1) an order of the Civil Court of the City of New York, New York County (Daniele Chinea, J.), dated October 30, 2023, after a nonjury trial, which awarded possession to petitioner in a holdover summary proceeding; and (2) an order (same court and Judge), dated July 22, 2024, which denied respondent's CPLR 5015 post-trial motion to vacate the judgment.

Per Curiam.
Appeal from order (Daniele Chinea, J.), dated October 30, 2023, deemed an appeal from the ensuing final judgment (same court and Judge) entered on or about October 30, 2023, and so considered (see CPLR 5520 [c]), final judgment affirmed, with $30 costs. Order (Daniele Chinea, J.), dated July 22, 2024, affirmed, without costs.
We sustain the possessory judgment awarded to petitioner upon the trial of this licensee holdover proceeding. A fair interpretation of the evidence supports a finding that respondent David Miller was a licensee whose license to occupy the premises was revoked, and he has no right to continued occupancy (see RPAPL 713 [7]; Chen v Ray, 49 Misc 3d 137[A], 2015 NY Slip Op 51533[U] [App Term, 1st Dept 2015]). Indeed, respondent admitted that he occupied the apartment pursuant to a verbal agreement with his now-deceased father, Stuart Miller, the prior owner. Respondent never paid rent and was never asked to pay rent.
We note that in a prior holdover proceeding between the parties based upon allegations that respondent was a month-to-month tenant, respondent successfully moved for dismissal on the ground that there was no landlord-tenant relationship between the parties. The doctrine of judicial estoppel "prevents a party who assumed a certain position in a prior proceeding and secured a ruling in his or her favor from advancing a contrary position in another action, simply because his or her interests have changed" (Becerril v City of NY Dept. of Health & Mental Hygiene, 110 AD3d 517, 519 [2013], lv denied 23 NY3d 905 [2014]; see Herman v 36 Gramercy Park Realty Assoc., LLC, 165 AD3d 405, 406 [2018], lv denied 33 NY3d 1045 [2019]). 
As a licensee, respondent was only entitled to a 10-day notice to quit (RPAPL 713 [7]), [*2]which was served by petitioner.
Respondent waived any defense based upon petitioner's alleged lack of standing to maintain this proceeding, since respondent failed to raise that defense either in his answer or by way of a preanswer motion (see Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239 [2007]; Marcus v Lavalasse, 81 Misc 3d 136[A], 2023 NY Slip Op 51403[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]). In any event, the evidence established that petitioner Gemini Realty LLC [Gemini] owned the building, having obtained title from Stuart Miller. 
Respondent also testified that Gemini was owned by a trust, and that his brother Peter Miller was one of the trustees of the trust. Respondent was clearly aware of Peter Miller's authority, and thus, the notice to quit served by Gemini and signed by Peter Miller as trustee was valid "even without proof of the relationship" (Ashley Realty Corp. v Knight, 73 AD3d 500, 501 [2010]).
Respondent's post-trial motion to vacate the judgment pursuant to CPLR 5015 (a) was properly denied. The motion is premised upon the allegation that respondent's brother failed to inform him that their mother died after the trial was completed but before the decision was rendered. Significantly, however, respondent failed to annex any documentary evidence or other proof to support his position that based upon her death he had any superior title or was legally entitled to continued occupancy.
Respondent's remaining contentions either relate to determinations which are not properly before this court or are without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 29, 2025